Robert L. Shipley, CA State Bar No. 109420
rshipley@shipleylaw.com
Brandon S. Gray, CA State Bar No. 279881
bgray@shipleylaw.com
ROBERT L. SHIPLEY, APLC
2784 Gateway Road, Suite 104
Carlsbad, CA 92009
Telephone: 1.760.438.5199

Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.
DOING BUSINESS AS VICTRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARIEL KLINK**, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>**ABC PHONES OF NORTH CAROLINA, INC., DOING BUSINESS AS VICTRA,** a North Carolina Corporation; and **DOES 1 through 50**, inclusive,<br><br>Defendants. | Case No.   3:20-cv-6276<br><br>**DEFENDANT ABC PHONES OF NORTH CAROLINA, INC DOING BUSINESS AS VICTRA'S NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT**<br><br>**[CLASS ACTION]**<br><br>[*Filed concurrently with Defendant's Civil Case Cover Sheet; Declaration of Adam Reed in Support of Defendant's Notice of Removal Declaration of Robert L. Shipley in Support of Defendant's Notice of Removal*, *and Exhibits*]<br><br>State Court Case No. RG20064133<br>State Action Filed: June 10, 2020<br>State Action Served: August 7, 2020 |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ABC Phones of North Carolina, Inc. doing business as Victra ("ABC Phones" or "Defendant"), contemporaneously with the filing of this Notice,

1-DEFENDANT'S NOTICE OF REMOVAL

hereby effects removal of the below referenced action from the Superior Court in the State of California, County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

## FACTUAL BACKGROUND

1. **Complaint.** On or around June 10, 2020, Plaintiff Ariel Klink ("Plaintiff") commenced a putative class action case against Defendant, Case No. RG20064133, *Klink v. ABC Phones of North Carolina, Inc.*, in the Superior Court of California, County of Alameda. In her Complaint, Plaintiff alleged claims for: (1) Failure to Pay Minimum Wages, (2) Failure to Pay Overtime Wages, (3) Failure to Provide Lawful Meal Periods, (4) Failure to Authorize and Permit Rest Periods, (5) Failure to Timely Pay Wages Owed Upon Separation from Employment, (6) Failure to Furnish Accurate Itemized Wage Statements, (7) Failure to Reimburse Necessary Expenses, (8) Violation of the Unfair Competition Law. *See* generally Complaint ("Compl.") attached as **Exhibit "1"** to the Declaration of Robert L. Shipley ("Shipley Decl.") filed concurrently herewith.

2. **Papers Served to Date**. On August 7, 2020, Defendant received service of process of the Summons, Complaint, Civil Case Cover Sheet, Case Assignment, and ADR Packet. Shipley Decl. ¶ 4. Attached to the Shipley Declaration is the Complaint (**Exhibit "1"**); Summons (**Exhibit "2"**), Civil Case Cover Sheet (**Exhibit "3"**) Civil Case Cover Sheet Addendum (**Exhibit "4"**), ADR Packet (**Exhibit "5"**); Notice of Hearing (**Exhibit "6"**); Order of Continued Hearing (**Exhibit "7"**) and Minutes Re Continued Hearing (**Exhibit "8"**) . *Id.* ¶ 4. On September 1, 2020, Defendant filed its Answer by way of General Denial and Affirmative Defenses to the Complaint (attached to the Shipley Decl. as **Exhibit "9". Exhibits "1" through "9"** constitute all process, pleadings, and orders served on and/or by Defendant.) *Id.* ¶ 6.

2-DEFENDANT'S NOTICE OF REMOVAL

**DIVERSITY OF CITIZENSHIP JURISDICTION**

3. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1332(d)(2) and 1441(a) because it is a civil action between citizens of different states, in which the amount in controversy exceeds $5 Million, exclusive of interest and costs.

**Diversity of Citizenship Is Met**

4. **Plaintiffs' Citizenship.** Plaintiff Ariel Klink alleges that she "is and during the liability period has been, a resident of Concord, California." Compl. ¶ 15. Defendant believes, consistent with Plaintiffs' allegations, that Plaintiff was at the time of the filing of the Complaint, and remains at the time of this removal, a citizen of California.

5. **Defendants' Citizenship**. Defendant ABC Phones is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina. *See* Declaration of Adam Reed ("Reed Decl.") ¶ 2. Its principal place of business, headquarters, and center of direction, control, and coordination are also located in North Carolina. *Ibid.* Defendant ABC Phones' corporate decisions are made in North Carolina, including its operational, executive, administrative, and policymaking decisions. *Ibid.* The majority of Defendant ABC Phones' executive officers conduct their business in North Carolina. *Ibid* at ¶ 3. The majority of administrative functions crucial to Defendant ABC Phones' day-to-day operations are conducted in North Carolina. *Ibid.* The respective officers responsible for developing policies and protocols for Defendant ABC Phones' nationwide operations are in Raleigh, North Carolina. *Ibid.* Accordingly, Defendant ABC Phones is a citizen of the state of North Carolina, not California.

6. Plaintiffs also correctly alleged that Defendant ABC Phones "is a North Carolina corporation with its Principal Executive Office in Raleigh, North Carolina." *See* Complaint at ₱ 21.

3-DEFENDANT'S NOTICE OF REMOVAL

7.     The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*

8.     The diversity requirements of 28 U.S.C §§ 1332(a) are met given that Plaintiffs are citizens of California and Defendant is a citizen of North Carolina.[1]

### The Amount in Controversy Is Met

9.     **Amount in Controversy Exceeds $5 Million**. Although Plaintiff alleged that her class action Complaint "is presently believed to be under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005," she also alleged that she believed the putative class consists of "over one hundred Class Members as Non-Exempt Employees throughout the State." *See* Compl. at ¶¶ 11 & 10, respectively. Plaintiff did not disclose in her putative class action Complaint the amount of damages she seeks on behalf of herself and others similarly situated. At the time of removal, however, Defendant contends the amount in controversy in this action exceeds $5 Million, exclusive of interest and costs, primarily because Defendant estimates that it has employed more than 4000 employees during the relevant time period.

10.    Generally, "notice of removability…is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The calculation of the amount in controversy may include common law and statutory damages, exemplary, and punitive

---

[1] The citizenships of the Doe Defendants are irrelevant to the diversity of citizenship analysis. Because they are unidentified, the Court and the Parties have no information as to who they are or where they live. Thus, it is proper for the Court to disregard them. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

4-DEFENDANT'S NOTICE OF REMOVAL

damages, attorneys' fees when authorized by statute, and back pay. *Guglielmino*, 506 F.3d at 700-701. "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (2018).

11. Defendant alleges that the amount in controversy exceeds the jurisdictional threshold for the following reasons:

  a. Plaintiff defines the putative class in her Complaint as "[a]ll persons currently or formerly employed by Defendants as non-exempt employees, however titled, working in Defendants' retail locations throughout the state of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did not consist of over 50% administrative, executive, or professional duties." *See* Compl. ¶ 51.

  b. Plaintiff prays for, among other things, damages and restitution, liquidated damages, penalties, and attorneys' fees. *See* Compl., Prayer. Statutory attorneys' fees are properly considered in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

  c. Plaintiff failed to provide any allegation relating to the numerosity of the putative class except to say that it consists of more than 100 employees.

  d. Defendant estimates that it has employed approximately 4000 non-exempt employees during the time period covered by Plaintiff's Complaint. *See* Declaration of Adam Reed at ¶ 4.

12. At 4000 putative class members, Plaintiff would need to recover approximately $1250 per putative class member to meet the amount in controversy threshold. This per-employee figure is significantly reduced when attorneys' fees and potential punitive damages are factored into the

5-DEFENDANT'S NOTICE OF REMOVAL

calculus. Given Plaintiff's allegations of off-the-clock work, unpaid overtime, and meal and rest break violations, Defendant plausibly alleges that the amount in controversy exceeds $5 Million. In the event Plaintiff disputes Defendant's plausible allegation, Defendant reserves its right to produce evidence in support of its allegation. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.").

13.     Defendant denies Plaintiff's substantive allegations and denies causing her or any putative class member any damage. Nonetheless, the right of removal is based on the amount *at issue* in the lawsuit, and Plaintiff, by her claims, seek more than $5 Million, satisfying the amount in controversy requirement.

## PROCEDURAL MATTERS

14.     **Removal is Timely**.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Here, Defendant did not receive any pleading, motion, or other paper from which it could ascertain that Plaintiff seeks damages exceeding $5 Million. Shipley Decl. ¶ 3. Even Plaintiff's Complaint, served on August 7, 2020, does not expressly disclose the amount Plaintiff seeks to recover. Accordingly, Defendant's thirty-day deadline to file a Notice of Removal began to run, at the absolute earliest, on August 7, 2020, and therefore expires, at the earliest, on September 8, 2020, since the thirtieth day falls on a Sunday preceding a Court holiday.

15.     Because this Notice of Removal is being filed on or prior to September 7, 2020, it is timely.

16.     **Removal to Proper Court.**  This Court is part of the "district and division embracing the place where" Plaintiff's state court action was filed, which is Alameda County, California.  28 U.S.C. § 1446(a). Accordingly, removal to this Court is proper.

17.     **Venue**.   Venue is proper in this Action under 28 U.S.C § 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred in Alameda County, California, given that Plaintiff filed her action in the Superior Court in Alameda County, California.  *See* Compl.

18.     **Filing and Service**.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Alameda, and is being served on all counsel of record, consistent with 28 U.S.C. §1446(d). The Superior Court of the State of California for the County of Alameda is located within this district. Pursuant to 28 U.S.C. §1446(d), Defendant is also filing in the Superior Court for the County of Alameda and serving upon Plaintiff a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

19.     **Non-Waiver of Claims**.  By removing this action to this Court, Defendant does not waive any defenses available to it, including but not limited to, defenses based on defects in or inadequacy of service of process and/or lack of personal jurisdiction.

20.     **Pleadings and Process**.   In compliance with 28 U.S.C. §1446(a), a "copy of all process, pleadings, and order served upon" Defendant prior to the filing of this Notice of Removal are attached to the Shipley Declaration, collectively as **Exhibits "1" through "9"**.

\\\

\\\

\\\

7-DEFENDANT'S NOTICE OF REMOVAL

21. WHEREFORE, Defendant respectfully requests that this action be removed in its entirety from the California Superior Court for the County of Alameda to this Court pursuant to 28 U.S.C. §1441. A Notice of Notice of Removal will be filed with the California Superior Court.

ROBERT L. SHIPLEY, APLC

Dated:  September 4, 2020

By: /s/ *Robert L. Shipley*
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC. DBA VICTRA

**EXHIBIT LIST**
**Exhibit "1"**
  Complaint ............................................................................................................................. 2
**Exhibit "2"**
  Summons .............................................................................................................................. 2
**Exhibit "3"**
  Civil Cover Sheet ................................................................................................................. 2
**Exhibit "4"**
  Civil Case Cover Sheet Addendum ...................................................................................... 2
**Exhibit "6"**
  Notice of Hearing .................................................................................................................. 2
**Exhibit "7"**
  Order of Continued Hearing ................................................................................................. 2
**Exhibit "8"**
  Minutes of Continued Hearing ............................................................................................. 3
**Exhibit "9"**
  General Denial ...................................................................................................................... 3

1-DEFENDANT'S NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I, Robert L. Shipley, an attorney admitted to practice before this Court, do hereby certify that on September 4, 2020, I caused a copy of the foregoing documents to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

|  |  |
|---|---|
|  | ROBERT L. SHIPLEY, APLC |
| Dated:  September 4, 2020 | By:      /s/ *Robert L. Shipley*           <br>Robert L. Shipley<br>rshipley@shipleylaw.com<br>Brandon S. Gray<br>bgray@shipleylaw.com<br>Attorneys for Defendant<br>ABC PHONES OF NORTH CAROLINA, INC. DBA VICTRA |