**EXHIBIT "1"**

James R. Hawkins (SBN 192925)
james@Jameshawkinsaplc.com
Christina M. Lucio (SBN 253677)
christina@Jameshawkinsaplc.com
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

Attorneys for Plaintiff ARIEL KLINK,
on behalf of herself and all others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

JUN 18 2020

CLERK OF THE SUPERIOR COURT
By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| ARIEL KLINK, on behalf of herself and all others similarly situated, | Case No.   **RG20064133** |
| Plaintiff, | **COMPLAINT** |
| v. | *Assigned for All Purposes To:* <br> Hon. <br> Dept.: |
| ABC PHONES OF NORTH CAROLINA, INC., a North Carolina corporation, DOING BUSINESS AS VICTRA, and DOES 1-50, inclusive, | **COMPLAINT FOR DAMAGES FOR:** |
| Defendants. | |

1) **Failure to Pay Minimum Wages;**

2) **Failure to Pay Overtime Wages;**

3) **Failure to Provide Lawful Meal Periods;**

4) **Failure To Authorize And Permit Rest Periods;**

5) **Failure to Timely Pay Wages Owed Upon Separation From Employment;**

6) **Failure to Furnish Accurate Itemized Wage Statements;**

7) **Failure to Reimburse Necessary Expenses;**

8) **Violation of the Unfair Competition Law;**

**DEMAND FOR JURY TRIAL**

FAXED

COMPLAINT

1    Plaintiff ARIEL KLINK ("Plaintiff"), an individual, assert claims against defendant ABC

2  PHONES OF NORTH CAROLINA, INC., a North Carolina corporation, DOING BUSINESS AS

3  VICTRA, and DOES 1-50, inclusive (collectively "ABC" or "Defendants") as follows:

4                                          **INTRODUCTION**

5         1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382,

6  on behalf of Plaintiff and any and all persons who are or were employed by Defendants as non-

7  exempt employees, however titled, working in Defendants' retail locations in the State of California

8  within four (4) years prior to the filing of the Complaint in this action until the resolution of this

9  lawsuit and whose job duties did not consist of over 50% administrative, executive or professional

10  duties (collectively referred to as the "Class" or "Class Members" or "Non-Exempt Employees").

11         2.      During the "liability period," as defined as the applicable statute of limitations for

12  each and every cause of action contained herein – i.e. Plaintiff's claims under the Unfair

13  Competition Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is

14  three (3) years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this

15  action through the present (referred to as "the liability period(s)") – Defendants consistently

16  maintained and enforced against its Non-Exempt Employees unlawful practices and policies in

17  violation of California state wage and hour laws, including failing to lawfully and accurately pay

18  Plaintiff and Class Members for all hours worked, including minimum wages and overtime; failing

19  to lawfully provide meal and rest periods; failing to pay one hour of pay at the employee's regular

20  rate of pay when legally mandated meal or rest periods were not lawfully provided; failing to

21  accurately pay overtime; failing to reimburse necessary expenses; failing to provide suitable seats;

22  failing to provide accurate itemized wage statements; and failing to keep accurate records.

23         3.      Defendants implemented uniform policies and practices that deprived Plaintiff and

24  Class Members of earned wages, including minimum wages; straight time wages; overtime wages;

25  premium wages; failing to reimburse necessary expenses; failing to provide suitable seats, and

26  lawful meal and/or rest breaks.

27         4.      Such actions and policies, as described above and further herein, were and continue

28  to be in violation of the California Labor Code. Plaintiff, on behalf of herself and all Class members,

- 1 -

COMPLAINT

Exh. 1-003

1    bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 210,

2    218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197,

3    1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8,

4    section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, penalties,

5    liquidated damages, unreimbursed expenses, and reasonable attorneys' fees and costs.

6          5.      Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and

7    Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to

8    pay to Plaintiffs and Class Members all of their wages, including overtime and premium wages,

9    unreimbursed expenses, and for unpaid meal and rest period compensation

10                                **JURISDICTION AND VENUE**

11          6.      This action is brought as a Class Action on behalf of Plaintiff and similarly situated

12    employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary

13    damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the

14    California Superior Court and will be established according to proof at trial.

15          7.      This Court has jurisdiction over this action pursuant to the California Constitution

16    Article VI §10, which grants the California Superior Court original jurisdiction in all causes except

17    those given by statute to other courts. The statutes under which this action is brought do not give

18    jurisdiction to any other court.

19          8.      This Court has jurisdiction over this Action pursuant to California Code of Civil

20    Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

21          9.      This Court has jurisdiction over Defendants because, upon information and belief,

22    each Defendant is either a resident of California, has sufficient minimum contacts in California, or

23    otherwise intentionally avails itself of the California market so as to render the exercise of

24    jurisdiction over them by the California Courts consistent with traditional notions of fair play and

25    substantial justice. Defendants have done and are doing business throughout California.

26          10.      The unlawful acts alleged herein have a direct effect on Plaintiff and the other

27    similarly situated Non-Exempt Employees within Alameda County and it is believed that

28    Defendants have employed over one hundred Class Members as Non-Exempt Employees

1 | throughout the state.

2 |     11.    The California Superior Court also has jurisdiction in this matter because the
3 | individual claims of the Class Members described herein are presently believed to be under the
4 | seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the
5 | aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including
6 | attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be
7 | under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.
8 | Further, there is no federal question at issue, as the issues herein are based solely on California
9 | statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil
10 | Procedure, the California Civil Code, and the California Business and Professions Code.

11 |     12.    Venue is proper in this Court because one or more of the Defendants reside, transact
12 | business, or have offices in this County, and the acts or omissions alleged herein took place in this
13 | County.

14 | **PARTIES**

15 |     13.    ABC Phones of North Carolina, Inc., doing business as Victra, is a California
16 | corporation in good standing that is authorized to do business throughout the state. ABC Phones
17 | of North Carolina, Inc.'s headquarters are located at 8510 Colonnade Center Drive, Suite 300;
18 | Raleigh, NC, 27615.

19 |     14.    ABC Phones of North Carolina, Inc. operates in California from numerous retail
20 | locations providing wireless devices and services as a Verizon Authorized Dealer.

21 |     15.    Plaintiff Ariel Klink is and during the liability period has been, a resident of
22 | Concord, California.

23 |     16.    Plaintiff was employed by defendant during the liability period as a Sales
24 | Representative in Hayward, CA, and three other locations.

25 |     17.    Plaintiff and the members of the putative class were employed by Defendants in
26 | their retail locations as non-exempt employees, however titled, (the "Class Members" or "Non-
27 | Exempt Employees") during the liability period.

28 |     18.    Whenever in this complaint reference is made to any act, deed, or conduct of

- 3 -

Exh. 1-005

1  Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through
2  one or more of Defendants' officers, directors, agents, employees, or representatives, who was
3  actively engaged in the management, direction, control, or transaction of the ordinary business and
4  affairs of Defendants.

5       19.    The true names and capacities of Defendants, whether individual, corporate,
6  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to
7  Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure §
8  474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and
9  capacities of the Defendants designated hereinafter as DOES when such identities become known.

10       20.    Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are
11  the partners, agents, or principals and co-conspirators of Defendants and of each other; that
12  Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided
13  and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits
14  of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the
15  liability of the Defendants as alleged herein.

16       21.    Plaintiff is further informed and believes, and thereon alleges, that at all times
17  material herein, each Defendant was completely dominated and controlled by its co-Defendants
18  and each was the alter ego of the other. Whenever and wherever reference is made in this complaint
19  to any conduct by Defendant or Defendants, such allegations and references shall also be deemed
20  to mean the conduct of each of the Defendants, acting individually, jointly, and severally.
21  Whenever and wherever reference is made to individuals who are not named as Defendants in this
22  complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times
23  acted on behalf of Defendants named in this complaint within the scope of their respective
24  employments.

**FACTUAL ALLEGATIONS**

26       22.    During the relevant time frame, Defendants compensated Plaintiff and the Non-
27  Exempt Employees based upon an hourly wage.

28       23.    Plaintiff and the Non-Exempt Employees were, and at all times pertinent hereto,

1  have been non-exempt employees within the meaning of the California Labor Code, and the

2  implementing rules and regulations of the IWC California Wage Orders.  They are subject to the

3  protections of the IWC Wage Orders and the Labor Code.

4       24.    Plaintiff was employed as an hourly non-exempt Sales Representative from

5  September 24, 2018 through October 8, 2019. Plaintiff provided sales and customer service

6  functions at Defendants' location in Hayward, California and at three other locations.

7       25.    The members of the putative class were non-exempt employees of Defendants at

8  Defendants' retail locations throughout the state of California during the liability period.

9       26.    Plaintiff typically worked five to six days a week, averaging 45 hours a week.

10      27.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were

11 advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the

12 requirements of California's wage and employment laws.

13      28.    All Non-Exempt Employees, including Plaintiff, are similarly situated in that they

14 are all subject to Defendants' uniform policies and systemic practices as specified herein.

15      29.    Plaintiff and the Non-Exempt Employees were not properly compensated for all

16 hours worked, in part because they were frequently required to work off the clock.

17      30.    Defendants knew or should have known that Plaintiff and the Non-Exempt

18 Employees worked off the clock, and such hours worked should have been compensated.

19      31.    In addition, Plaintiff and the Non-Exempt Employees frequently worked in excess

20 of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid

21 for such time at a rate of time and one-half the employee's regular rate of pay per hour.  In

22 addition, on occasion, Plaintiff and the Non-Exempt Employees worked in excess of twelve hours

23 in a workday and/or over eight hours on the seventh day of the workweek , but were not properly

24 paid for such time at a rate of two times the employee's regular rate of pay per hour.

25      32.    Non-Exempt Employees were regularly required to work shifts in excess of five

26 hours without being provided a lawful first meal period and over ten hours in a day without being

27 provided a second lawful meal period as required by law.

28      33.    Indeed, during the relevant time, as a consequence of Defendants' staffing and

- 5 -
COMPLAINT

Exh. 1-007

1  scheduling practices, labor budgets, staffing models, lack of coverage, work demands, and
2  Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Non-
3  Exempt Employees timely, legally compliant uninterrupted 30-minute meal periods on shifts over
4  five hours as required by law, and failed to provide timely, legally compliant second meal periods
5  on shifts over ten hours as required by law.

6       34.    Defendants frequently failed to provide timely first and second meal periods, as
7  applicable, and on occasion when meal periods were provided they were often late or interrupted.

8       35.    On information and belief, Plaintiff and Non-Exempt Employees did not waive
9  their rights to meal periods under the law.

10       36.    Plaintiff and the Non-Exempt Employees were not provided with valid lawful on-
11  duty meal periods.

12       37.    Despite the above-mentioned meal period violations, Defendants failed to
13  compensate Plaintiff, and on information and belief, failed to compensate Non-Exempt Employees
14  one additional hour of pay at their regular rate as required by California law when meal periods
15  were not timely or lawfully provided in a compliant manner.

16       38.    Plaintiff is informed and believes, and thereon alleges, that Defendants know,
17  should know, knew, and/or should have known that Plaintiff and the other Non-Exempt Employees
18  were entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7
19  but were not receiving such compensation.

20       39.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt
21  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
22  period for every four hours worked or major fraction thereof, which is a violation of the Labor
23  Code and IWC wage order.

24       40.    Defendants maintained and enforced scheduling practices, labor budgets, staffing
25  models, policies, and imposed work demands that frequently required Plaintiff and the Non-
26  Exempt Employees  to forego their lawful, paid rest periods of a net ten minutes for every four
27  hours worked or major fraction thereof. Such requisite rest periods were not timely authorized
28  and permitted.

Exh. 1-008

41.     Plaintiff, and upon information and belief the Non-Exempt Employees, were authorized and permitted to take only one ten minute rest period regardless of the length of shift, as Defendants failed to authorize and permit a second rest period on shifts over six hours and failed to authorize and permit a third rest period on shifts over ten hours.

42.     Rest breaks that were authorized and permitted were frequently interrupted or cut short.

43.     In addition, Non-Exempt Employees were frequently not allowed to leave the premises during their meal or rest breaks, and were required to remain available to perform job duties and assist with customer service and sales activities in Defendants' retail locations.

44.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Non-Exempt Employees one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted..

45.     Moreover, Plaintiff and the Non-Exempt Employees were required to incur necessary expenses in the discharge of their duties, including without limitation cell phone expenses, but were not reimbursed for such necessary expenses.

46.     Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Non-Exempt Employees in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, sick leave, and accurate itemizations of gross pay and net pay figures from Plaintiff and the Non-Exempt Employees' wage statements.

47.     Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29

Exh. 1-009

1  U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage
2  Orders.

3      48.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
4  mentioned, Defendants knew that at the time of termination of employment (or within 72 hours
5  thereof for resignations without prior notice as the case may be) they had a duty to accurately
6  compensate Plaintiffs and Class Members for all wages owed including minimum wages, straight
7  time wages, overtime, meal and rest period premiums, and that Defendants had the financial ability
8  to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so
9  in part because of the above-specified violations.

10                              **CLASS ACTION ALLEGATIONS**

11      49.     Plaintiff brings this action on her own behalf, as well as on behalf of each and every
12  other person similarly situated, and thus, seeks class certification under California <u>Code of Civil</u>
13  <u>Procedure</u> §382.

14      50.     All claims alleged herein arise under California law for which Plaintiff seeks relief
15  as authorized by California law.

16      51.     The **proposed class** is comprised of and defined as: All persons currently or
17  formerly employed by Defendants as non-exempt employees, however titled, working in
18  Defendants' retail locations throughout the state of California within four (4) years prior to the
19  filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did
20  not consist of over 50% administrative, executive or professional duties. (hereinafter collectively
21  referred to as the "Class" or "Class Members").

22      52.     Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which
23  are composed of Class Members satisfying the following definitions:

24          a.      All Class Members who were not paid at least minimum wage for all hours
25  worked (collectively **"Minimum Wage Subclass"**);

26          b.      All Class Members who were not accurately paid overtime for hours worked
27  over eight in a day or over forty in a workweek **(collectively "Overtime Subclass")**;

28          c.      All Class Members who earned commissions **(collectively "Commission**

1  Subclass");

2       d.     All Class Members who worked more than five (5) hours in a workday and

3  were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and

4  were not paid compensation of one hour premium wages at the employee's regular rate in lieu

5  thereof (hereinafter collectively referred to as the "**First Meal Period Subclass**");

6       e.     All Class Members who worked more than ten (10) hours in a workday and

7  were not provided with a timely, uninterrupted lawful second meal period of net thirty (30) minutes,

8  and were not paid compensation of one hour premium wages at the employee's regular rate in lieu

9  thereof (hereinafter collectively referred to as the "**Second Meal Period Subclass**");

10       f.     All Class Members who worked more than three and a half hours in a

11  workday and were not authorized and permitted to take a lawful net 10-minute rest period and were

12  not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof

13  (hereinafter collectively referred to as the "**Rest Period Subclass**");

14       g.     All Class Members who worked more than six hours in a workday and were

15  not authorized and permitted to take a second lawful net 10-minute rest period and were not paid

16  compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter

17  collectively referred to as the "**Second Rest Period Subclass**");

18       h.     All Class Members who worked more than ten hours in a workday and were

19  not authorized and permitted to take a third lawful net 10-minute rest period and were not paid

20  compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter

21  collectively referred to as the "**Third Rest Period Subclass**");

22       i.     All Class Members who did not receive all owed wages at the time of

23  separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the

24  "**Waiting Time Subclass**");

25       j.     All Class Members who were not provided with accurate and complete

26  itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement**

27  **Subclass**");

28       k.     All Class Members who were employed by Defendants and subject to

1  Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business**

2  **Practices Subclass**").

3          I.        All Class Members who were not reimbursed for all necessary expenditures

4  (collectively "**Indemnification Subclass**").

5          53.      Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend

6  or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate,

7  or if it should be deemed necessary by the Court or to further divide the Class Members into

8  additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the

9  Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

10         54.      As set forth in further detail below, this action has been brought and may properly

11  be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure

12  because there is a well-defined community of interest in the litigation, and the proposed Class and

13  Subclasses are easily ascertainable through Defendants' records.

14          a.        Numerosity:  The members of the Class and Subclasses are so numerous that

15  joinder of all members of the Class and Subclasses would be unfeasible and impractical. The

16  membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the

17  Class is estimated to be over a hundred individuals. Accounting for employee turnover during the

18  relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants'

19  employment records would provide information as to the number and location of all Class

20  Members.  Joinder of all members of the proposed Class is not practicable.

21          b.        The proposed class is easily ascertainable. The number and identity of the

22  class members are determinable from Defendants' payroll records and time records for each class

23  member.

24          c.        Commonality:  There are common questions of law and fact as to the Class

25  and Subclasses that predominate over questions affecting only individual Class Members.  These

26  common questions of law and fact include, without limitation:

27              1) Whether Defendants were required to pay Class Members for hours worked

28  off the clock;

- 10 -

COMMPLAINT

1          2)  Whether Defendants paid Class Members at least minimum wage for all

2  hours worked;

3          3)  Whether Defendants knew or should have known that Class Members were

4  required to perform work off the clock;

5          4)  Whether Defendants accurately calculated and paid all Class Members

6  overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8)

7  hours per day and/or forty (40) hours per week;

8          5)  Whether Defendants accurately and timely paid all commissions earned;

9          6)  Whether Defendants had a policy and practice of providing lawful, timely

10  first and second meal periods in accordance with Labor Code § 512, as well as the applicable

11  Industrial Welfare Commission ("IWC") wage order;

12          7)  Whether Defendants required employees to remain on the premises during

13  meal periods;

14          8)  Whether Defendants had a policy and practice of complying with Labor

15  Code section 226.7 and IWC Wage Order on each instance that a lawful meal period was not

16  provided;

17          9)  Whether Defendants failed to authorize and permit a lawful, net 10-minute

18  rest period to the Class Members for every four (4) hours or major fraction thereof worked;

19          10) Whether Defendants had a policy and practice of providing second rest

20  periods on shifts over six hours;

21          11) Whether Defendants had a policy and practice of providing third rest periods

22  on shifts over ten hours;

23          12) Whether Defendants required employees to remain on the premises during

24  rest periods;

25          13) Whether Defendants had a policy and practice of complying with Labor

26  Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not

27  provided;

28

- 11 -

COMPLAINT

1    14) Whether Defendants failed to timely pay all wages upon separation in

2 accordance with Labor Code sections 201-202;

3    15) Whether Defendants failed to reimburse employees for necessary expenses

4 in accordance with Labor Code section 2802;

5    16) Whether Defendants omitted required information from itemized wage

6 statements;

7    17) Whether Defendants failed to maintain accurate records of Class Members'

8 hours worked, earned wages, work periods, meal periods and deductions;

9    18) Whether Defendants engaged in unfair competition in violation of section

10 17200 et seq. of the Business and Professions Code;

11    19) Whether Defendants' conduct was willful and/or reckless;

12    20) Whether Defendants failed to provide accurate itemized wage statements in

13 violation of Labor Code § 226; and

14    21) The appropriate amount of damages, restitution, and/or monetary penalties

15 resulting from Defendants' violations of California law.

16    d.    Typicality: Plaintiff is qualified to, and will fairly and adequately protect the

17 interests of each member of the Class and Subclasses with whom he has a well-defined community

18 of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by

19 any member of the Class and/or Subclasses, and the relief sought is typical of the relief which

20 would be sought by each member of the Class and/or Subclasses in separate actions. All members

21 of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful

22 meal periods and authorize and permit lawful rest periods, failure to provide accurate wage

23 statements, failure to timely pay wages at termination, failure to pay a least minimum wage for

24 each hour worked, failure to reimburse necessary expenses, and failure to accurately pay all wages

25 earned including all owed commissions, premiums and overtime wages, all due to Defendants'

26 policies and practices that affected each member of the Class and/or Subclasses similarly. Further,

27 Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the

28 Class and/or Subclasses.

COMPLAINT

1           e.    <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately protect the

2    interests of each member of the Class and/or Subclasses with whom he has a well-defined

3    community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that

4    she has an obligation to make known to the Court any relationships, conflicts, or differences with

5    any member of the Class and/or Subclasses, and no such relationships or conflicts are currently

6    known to exist.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are

7    versed in the rules governing class action discovery, certification, litigation, and settlement and

8    experienced in handling such matters.  Other former and current employees of Defendants may also

9    serve as representatives of the Class and Subclasses if needed.

10          f.    <u>Superiority</u>:  The nature of this action makes the use of class action

11   adjudication superior to other methods.  A class action will achieve economies of time, effort,

12   judicial resources, and expense, which would not be achieved with separate lawsuits.  The

13   prosecution of separate actions by individual members of the Class and/or Subclasses would create

14   a risk of inconsistent and/or varying adjudications with respect to the individual members of the

15   Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and

16   resulting in the impairment of the rights of the members of the Class and/or Subclasses and the

17   disposition of their interests through actions to which they were not parties.  Thus, a class action is

18   superior to other available means for the fair and efficient adjudication of this controversy because

19   individual joinder of all Class Members is not practicable, and questions of law and fact common

20   to the Class predominate over any questions affecting only individual Class Members. Each

21   member of the Class has been damaged and is entitled to recovery by reason of Defendants'

22   unlawful policies and practices, including Defendants' failure to provide lawful meal periods and

23   authorize and permit lawful rest periods, failure to provide accurate wage statements, failure to

24   timely pay wages at termination, failure to pay a least minimum wage for each hour worked, failure

25   to reimburse necessary expenses, and failure to accurately pay all wages earned including all owed

26   commissions, premiums and overtime wages, all due to Defendants' policies and practices that

27   affected each member of the Class and/or Subclasses similarly. Class action treatment will allow

28   those similarly situated persons to litigate their claims in the manner that is most efficient and

Exh. 1-015

1   economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are

2   likely to be encountered in the management of this action that would preclude its maintenance as a

3   class action.

4           g.      Public Policy Considerations: Employers in the state of California violate

5   employment and labor laws every day.  However, current employees are often afraid to assert their

6   rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

7   because they believe their former employers may damage their future endeavors through negative

8   references and/or other means. The nature of this action allows for the protection of current and

9   former employees' rights without fear of retaliation or damage. Additionally, the citizens of

10  California have a significant interest in ensuring employers comply with California's labor laws

11  and in ensuring those employers who do not are prevented from taking further advantage of their

12  employees.

13                              **CLASS ACTION CLAIMS**

14                              **FIRST CAUSE OF ACTION**

15                        **FAILURE TO PAY MINIMUM WAGE**

16          **(By Plaintiff and the Minimum Wage Subclass Against Defendants)**

17          55.     Plaintiff incorporates by reference each and every paragraph above, and realleges

18  each and every allegation contained above as though fully set forth herein.

19          56.     At all times relevant, Labor Code §1194 provides that any employee receiving less

20  than the legal minimum wage or the legal overtime compensation applicable to the employee is

21  entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

22  overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

23          57.     Labor Code §1197 states: "The minimum wage for employees fixed by the

24  commission is the minimum wage to be paid to employees, and the payment of a less wage than

25  the minimum so fixed is unlawful."

26          58.     Cal. Lab. Code § 1198 further states that the employment of an employee for longer

27  hours than those fixed by the Industrial Welfare Commission is unlawful.

28          59.     Labor Code section 204 and the IWC Wage Orders similarly require that employees

1 | be paid on the established payday for the period involved, not less than the applicable minimum
2 | wage for all hours worked in the payroll period, whether the remuneration is measured by time,
3 | piece, commission, or otherwise.

4 | 60. The IWC Wage Orders define "hours worked" as "the time during which an
5 | employee is subject to the control of an employer, and includes all the time the employee is
6 | suffered or permitted to work, whether or not required to do so."

7 | 61. At all times relevant, Plaintiff and Class Members consistently worked hours for
8 | which they were not paid because Plaintiff and the Class Members were required to work off the
9 | clock.

10 | 62. Plaintiff is informed and believes that Defendants knew, or should have known
11 | that Plaintiff and the Class Members worked off the clock and that they should have been paid for
12 | this time.

13 | 63. Upon information and belief, Defendants knew or should have known Plaintiffs
14 | and the Class Members were undercompensated.

15 | 64. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of
16 | wages owed violates the provisions of Labor Code §1194, §1197, §1198, and the applicable IWC
17 | wage orders and is therefore unlawful.

18 | 65. Accordingly, Defendants owe Plaintiff and Class Members wages, including
19 | minimum wages and have failed and refused, and continue to fail and refuse, to pay Plaintiffs and
20 | Class Members the wages owed. This also constitutes a violation of Labor Code § 216.

21 | 66. Pursuant to Labor Code §1194, Plaintiffs and Class Members are entitled to recover
22 | their unpaid compensation, as well as interest, costs, and attorneys' fees.

23 | 67. In addition, pursuant to Labor Code §1194.2(a), Plaintiff and the Class Members
24 | are entitled to "recover liquidated damages in an amount equal to the wages unlawfully unpaid
25 | and interest thereon."

26 | 68. Also, pursuant to Labor Code §1197.1, Plaintiff and the Class Members are
27 | entitled to claim all applicable civil penalties as a direct result of Defendants' policy and practice
28 |

- 15 -
COMPLAINT

Exh. 1-017

1    of paying a wage less than the minimum fixed by an order of the commission.

2         69.    Accordingly, Plaintiff and Class Members are entitled to recover their unpaid

3    wages, including minimum wages, as well as interest, costs, and attorneys' fees to, inter alia, the

4    Wage Order, Labor Code section 218.5, 218.6, 1194, 1194.2, 1194.3, 1197, and 1198.

5
                                  **SECOND CAUSE OF ACTION**
6
                              <u>**FAILURE TO PAY OVERTIME WAGES**</u>
7
               **(By Plaintiff and the Overtime Subclasses Against All Defendants)**
8
9         70.    Plaintiff incorporates by reference each and every paragraph above, and realleges

10   each and every allegation contained above as though fully set forth herein.

11        71.    During all relevant periods, Defendant frequently required Plaintiff and the

12   Overtime Subclass members to work shifts in excess of eight (8) hours per workday and/or to

13   work in excess of forty (40) hours per workweek.

14        72.    At all times relevant, pursuant to Labor Code section 510, 1194, and the IWC

15   wage orders applicable to Plaintiff's and the Class Members' employment by Defendants

16   provided that employees working for more than eight (8) hours in a day or forty (40) hours in a

17   work week are entitled to overtime compensation at the rate of one and one-half times the regular

18   rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work

19   week.  An employee who works more than twelve (12) hours in a day or in excess of eight (8)

20   hours in a day on the seventh day of work in a particular work week is entitled to overtime

21   compensation at a rate of twice the regular rate of pay.

22        73.    During all relevant periods, Defendant had a uniform policy of requiring Plaintiff

23   and the Overtime Subclass members to frequently work in excess of eight (8) hours in a workday

24   and/or in excess of forty (40) hours in a workweek without compensating them at the proper rate

25   of one and one-half times their regular rate of pay.  Defendant also frequently failed to properly

26   compensate Plaintiff and the Overtime Subclass Members for hours worked in excess of twelve

27   (12) hours in one day, or eight hours on the seventh day of a workweek.

28

Exh. 1-018

74.     In part, Defendants violated the Labor Code and IWC Wage Orders by requiring Plaintiff and the Class Members to consistently work hours for which they were not paid in excess of 8 hours in a day and/or in excess of 40 hours in a week as Defendants unlawfully required that Plaintiff and the Class Members work off the clock.

75.     In addition, California law requires that in determining the regular rate of pay for purposes of calculating the proper overtime premium pay, the employer must consider not only straight hourly wage compensation but must also include payment of all remuneration earned during the applicable time period.

76.     At times, Plaintiff and the Class Members earned additional remuneration, including commissions, non-discretionary bonuses and/or incentive pay during pay periods in which they had worked over eight hours in a day or over forty hours in a week.  Defendants failed to account for the additional remuneration when calculating Plaintiff's and the Class Member's overtime rate of pay. This policy, practice, and/or procedure resulted in Defendants paying its hourly non-exempt employees less overtime then they should have received.

77.     Upon information and belief, Defendants knew or should have known Plaintiffs and the Class Members were undercompensated.

78.     As a result, Defendant failed to pay Plaintiff and the Overtime Subclass members earned overtime wages and such employees suffered damages as a result.

79.     Due to Defendant's violations of the California Labor Code, Plaintiff and the Overtime Subclass members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages pursuant to, inter alia, the Wage Order, Labor Code section 510, 218.5, 218.6, 1194, 1194.2, 1194.3, 1197, and 1198.

### THIRD CAUSE OF ACTION

### <u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u>

### (By Plaintiff and the Meal Period Subclasses Against All Defendants)

80.     Plaintiff incorporates by reference and realleges each and every allegation contained

1    above, as though fully set forth herein.

2         81.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work

3    period of more than five (5) hours without providing a meal break of not less than thirty (30)

4    minutes in which the employee is relieved of all of his or her duties, except that when a work period

5    of not more than six (6) hours will complete the day's work the meal period may be waived by

6    mutual consent of the employer and employee.

7         82.    Similarly, pursuant to Labor Code § 512, no employer shall employ an employee

8    for a work period of more than ten (10) hours without providing a second meal break of not less

9    than thirty (30) minutes in which the employee is relieved of all of his or her duties. A second meal

10   break may only be waived by mutual consent, and if the employee did not waive his or her first

11   meal period, and the employee's work day will not exceed twelve hours.

12        83.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to

13   provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than

14   thirty (30) minutes within the first five hours of a shift.

15        84.    For the four (4) years preceding the filing of this lawsuit, Defendants also failed to

16   provide Plaintiff and Class Members timely and uninterrupted second meal periods of not less than

17   thirty (30) minutes on shifts longer than ten hours.

18        85.    Indeed, during the relevant time, as a consequence of Defendants' staffing and

19   scheduling practices, labor budgets, staffing models, lack of coverage, work demands, and

20   Defendants' policies and practices, Plaintiff and the Class Members were not provided with

21   legally required meal periods.

22        86.    On information and belief, Plaintiff and Class Members did not waive their rights

23   to meal periods under the law.

24        87.    Plaintiff and the Class Members were not provided with valid lawful on-duty meal

25   periods.

26        88.    Upon information and belief, Plaintiff and the Class Members were not allowed to

27   leave the premises during meal periods.

28        89.    Plaintiff and the Class Members were not paid one hour of pay at their regular rate

- 18 -
COMPLAINT

1   for each day that a first or second meal period was not lawfully provided.

2         90.    As a proximate result of the aforementioned violations, Plaintiff and the Class

3   Members have been damaged in an amount according to proof at time of trial.

4         91.    Pursuant to <u>Labor Code</u> § 226.7, Plaintiff and Class Members are entitled to recover

5   one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also

6   entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

7         92.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to

8   represent have been deprived of premium wages in amounts to be determined at trial, and are

9   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

10   under Labor Code sections 218.5, 218.6, 226.7, 512 and the applicable IWC Wage Orders, and

11   Civil Code section 3287.

12   **FOURTH CAUSE OF ACTION**

13   **<u>FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS</u>**

14   **(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

15         93.    Plaintiff incorporates by reference and realleges each and every allegation contained

16   above, as though fully set forth herein.

17         94.    Labor Code section 1198 makes it unlawful to employ an employee under conditions

18   of labor that are prohibited by the applicable Wage Order.

19         95.    Pursuant to the IWC wage order 7-2001, Plaintiff's and Class Members'

20   employment by Defendants, "Every employer shall authorize and permit all employees to take rest

21   periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized

22   rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net

23   rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall

24   be counted as hours worked, for which there shall be no deduction from wages."

25         96.    Labor Code §226.7(a) prohibits an employer from requiring any employee to work

26   during any rest period mandated by an applicable order of the IWC.

27         97.    Defendants were required to authorize and permit employees such as Plaintiff and

28   Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours

worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

98. Specifically, Defendants were required to authorize and permit Plaintiff and the Class Members to take one lawful net ten minute rest period on a shift between 3.5 and 6 hours; to take two (2) lawful net ten minute rest periods on shifts over six hours to ten hour shifts and three (3) lawful net ten (10) minute rest periods on shifts over ten hours.

99. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

100. In addition, Plaintiff and the Class Members were not allowed to leave the premises during rest periods.

101. Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a rest period violation occurred. On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

102. By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

103. As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.5, 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

### (By Plaintiff and the Waiting Time Subclass Against All Defendants)

104.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

105.    Labor Code § 201 requires employer to pay all wages earned and unpaid at the time the employer discharges an employee from employment.

106.    Labor Code § 202 requires Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

107.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

108.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, commissions, overtime, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

109.    More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 201-203.

110.    Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED

### EMPLOYEE WAGE STATEMENT PROVISIONS

### (By Plaintiff and Wage Statement Subclass Against Defendants)

111.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

112.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

113.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

114.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.

115.    On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

116.    Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately

- 22 -

COMPLAINT

Exh. 1-024

1   compensate Plaintiff and Class Members for all hours worked and for missed and non-provided

2   meal and rest periods, or which failed to include compensation for all minimum wages earned or

3   overtime hours worked, was an inaccurate wage statement.

4         117.   On information and belief, Defendants failed to implement and preserve a lawful

5   record-keeping method to record all hours worked, overtime wages, commissions, meal periods,

6   and non-provided meal and rest periods owed to employees, as required for Non-Exempt

7   Employees under California Labor Code section 226 and applicable California Wage Orders.  In

8   order to determine if they had been paid the correct amount and rate for all hours worked,

9   Plaintiff and Class Members have been, would have been, and are compelled to try to discover

10  the required information missing from their wage statements and to perform complex calculations

11  in light of the inaccuracies and incompleteness of the wage statements Defendants provided to

12  them.

13        118.   As a pattern and practice, in violation of Labor Code section 226(a) and the IWC

14  Wage Orders, Defendants did not and still do not furnish each of the members of the Wage

15  Statement Class with an accurate itemized statement in writing accurately reflecting all of the

16  required information. Specifically, Defendants have omitted an accurate itemization of total hours

17  worked, all applicable hourly rates in effect during the pay period and the corresponding number

18  of hours worked at each hourly rate by the employee, sick leave, and accurate itemizations of

19  gross pay and net pay figures from Plaintiff and the Wage Statement Subclass's wage statements.

20        119.   In addition, Defendants have failed to provide accurate itemized wage statements

21  as a consequence of the above-specified violations for failure to accurately pay all wages owed,

22  accurately record all hours worked, and failure to pay meal and rest period premiums as required

23  by law.

24        120.   Moreover, upon information and belief, as a pattern and practice, in violation of

25  Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain

26  accurate records pertaining to the total hours worked for Defendants by the members of the Wage

27  Statement Class, including but not limited to, beginning and ending of each work period, meal

28  period and split shift interval, the total daily hours worked, wages earned including commissions,

1 | and the total hours worked per pay period and applicable rates of pay.

2 |      121.    Plaintiffs and the members of the Wage Statement Class have suffered injury as a

3 | result of Defendants' failure to maintain accurate records for the members of the Wage Statement

4 | Class in that the members of the Wage Statement Class were not timely provided written accurate

5 | itemized statements showing all requisite information, such that the members of the Wage

6 | Statement Class were misled by Defendants as to the correct information regarding various items,

7 | including but not limited to the identity of the employer, total hours worked by the employee,

8 | gross pay, net wages earned and all applicable rates in effect during the pay period and the

9 | corresponding number of hours worked at each rate.

10 |      122.    Pursuant to Labor Code section 226, and in light of Defendants' violations

11 | addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up

12 | to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

13 | **SEVENTH CAUSE OF ACTION**

14 | **FAILURE TO REMIBURSE NECESSARY EXPENSES**

15 | **(By Plaintiff and Class Against All Defendants)**

16 |      123.    Plaintiff incorporates by reference and realleges each and every allegation contained

17 | above, as though fully set forth herein.

18 |      124.    Plaintiff repeats and incorporates herein by reference each and every allegation set

19 | forth above, as though fully set forth herein.

20 |      125.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members

21 | for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

22 |      126.    Plaintiff and the members of the Indemnification Class were required to incur

23 | expenses in the performance of their assigned job duties. For example, Plaintiff and the

24 | Indemnification Class Members were required to incur numerous out of pocket expenses,

25 | including without limitation, cellular phones, in direct consequence of the discharge of their

26 | duties.

27 |      127.    Upon information and belief, the Defendants did not reimburse Plaintiff or the

28 | Plaintiff's subclass for such expenses.

128.    As a result of the unlawful acts of Defendants, Plaintiff and the Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

### EIGHTH CAUSE OF ACTION

### <u>VIOLATION OF THE UNFAIR COMPETITION LAW</u>

### (By Plaintiff and Class Against All Defendants)

129.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

130.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California <u>Code of Civil Procedure</u> § 1021.5.

131.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.*

132.    A violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

133.    The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action.

134.    By way of example only, in the instant case Defendants' policy of failing to lawfully provide Plaintiff and the Class with timely, lawful meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates <u>Labor Code</u> § 512, and § 226.7, and the IWC Wage Orders. Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime as well as failing to provide accurate itemized wage statement, and failing to reimburse for necessary expenses as specified above.

135.    Plaintiff and the Class Members have been personally aggrieved by Defendants'

- 25 -

COMPLAINT

unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

136.    Pursuant to California <u>Business and Professions Code</u> §§ 17200, *et seq.*, Plaintiff and the Class Members are entitled to reimbursement for expenses, and restitution of the premium wages, minimum wages, commissions, and overtime wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California <u>Code of Civil Procedure</u> §1021.5; interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, as follows:

### **Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

### **On the First Cause of Action**

### (Failure to pay Minimum Wages)

1.    For the unpaid balance of the full amount of minimum wages owed, as well as interest thereon,

2.    Penalties according to statute,

3.    Liquidated damages according to statute,

4.    Reasonable attorneys' fees, and costs of suit;

5.    For interest and

6.    For such other and further relief as the Court deems proper.

### **On the Second Cause of Action**

### (Failure to Pay Overtime Wages Owed)

1.    For the unpaid balance of the full amount of overtime wages owed, as well as interest thereon,

1      2.     Penalties according to statute,

2      3.     Liquidated damages according to statute,

3      4.     Reasonable attorneys' fees, and costs of suit;

4      5.     For interest and

5      6.     For such other and further relief as the Court deems proper.

6                      **On the Third Cause of Action**

7                 (Failure to Provide Lawful Meal Periods)

8      1.     For one (1) hour of premium pay for each day in which a required meal period was

9  not lawfully provided;

10     2.     For reasonable attorneys' fees and costs pursuant to statute;

11     3.     For interest; and

12     4.     For such other and further relief as the Court deems proper.

13                     **On the Fourth Cause of Action**

14              (Failure to Authorize and Permit Lawful Rest Periods)

15     1.     For one (1) hour of premium pay for each day in which a required rest period was

16  not lawfully authorized and permitted; and

17     2.     For reasonable attorneys' fees and costs pursuant to statute;

18     3.     For interest; and

19     4.     For such other and further relief as the Court deems proper.

20                     **On the Fifth Cause of Action**

21                (Failure to Timely Pay Wages At Separation)

22     1.     For unpaid wages;

23     2.     For penalties pursuant to Labor Code § 203;

24     3.     For interest;

25     4.     For reasonable attorneys' fees and costs pursuant to statute; and

26     5.     For such other and further relief as the Court deems proper.

27

28

Exh. 1-029

## On the Sixth Cause of Action

### (Failure to Provide Accurate Itemized Wage Statements)

1. For statutory penalties, including penalties pursuant to Labor Code section 226;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems proper;

### On the Seventh Cause of Action

### (Failure to Reimburse Necessary Expenses)

1. For unreimbursed sums;

2. For reasonable attorneys' fees and costs pursuant to statute;

3. For interest; and

4. For such other and further relief as the Court deems proper.

### On the Seventh Cause of Action

### (Violation of the Unfair Competition Law)

1. That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendants' past failure to pay overtime, minimum, and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 218.5, and 1194;

3. For pre-judgment interest on any unpaid minimum wages, straight time wages, overtime wages due from the day that such amounts were due;

4. For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5. For such other and further relief as the Court deems proper.

Exh. 1-030

1

## DEMAND FOR JURY TRIAL

2      Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this

3    matter.

4
Respectfully submitted,

5
JAMES HAWKINS APLC

6

7    Dated:   June 9, 2020

James R. Hawkins, Esq.
8                                                      Christina M. Lucio, Esq.

9                                                      Attorneys for Plaintiff ARIEL KLINK, on behalf of
herself and all others similarly situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Exh. 1-031